1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ESTRADA, | 1:16-cv-00673-EPG (PC) |
| Plaintiff, | |
| | ORDER THAT THIS ACTION PROCEED ONLY ON PLAINTIFF'S CLAIMS AGAINST DEFENDANTS VANDERPOEL, MAXFIELD, AND SEXTON FOR VIOLATION OF FIFTH, EIGHTH, AND FOURTEENTH AMENDMENTS |
| vs. | |
| J. VANDERPOEL, et al., | |
| Defendants. | |

David Estrada ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  On May 12, 2016, Plaintiff filed the Complaint commencing this action. (ECF No. 1.)

On July 21, 2016, (and again on September 26, 2016) Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance.  (ECF No. 9, 10.)  Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required.  Local Rule Appendix A(k)(3).

On December 20, 2016, this Court issued a screening order pursuant to 28 U.S.C. § 1915A and found that it states cognizable claims for violation of the Fifth, Eighth, and Fourteenth Amendments against Defendants Vanderpoel, Maxfield and Sexton relating to

1

Plaintiff's R classification, confinement in the SHU, and "debriefing" requirements.[1] (ECF No. 13.)  The Court also found that Plaintiff failed to sate any other cognizable claims against any other Defendants. (*Id*.)

Plaintiff was granted leave to file an amended complaint or notify the Court that he is willing to proceed only on the claims found cognizable by the Court, subject to an order that the non-cognizable claims be dismissed from the action. (*Id.*)  On December 30, 2016, Plaintiff filed a notice informing the Court that he is willing to proceed only on the cognizable Fifth, Eighth and Fourteenth Amendment claims and was willing to dismiss the remaining Defendants.  (ECF No. 14.)

Based on the foregoing, it is HEREBY ORDERED that:

1.      This action proceeds only on Plaintiff's cognizable claims for violation of the Fifth, Eighth, and Fourteenth Amendments against Defendants Vanderpoel, Maxfield and Sexton; and

2.      All remaining claims and Defendants are dismissed from this action.

IT IS SO ORDERED.

Dated:   __**January 9, 2017**__           /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE

---

[1] Although the screening order made certain references to a "First" Amendment claim (ECF No. 13, pp. 1:13, 12:12, 13:20), this was a typographical error.  The Court discussed and found a cognizable Fifth Amendment claim. (ECF No. 13, pp. 11:16-12:9.)