UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ESTRADA,<br><br>    Plaintiff,<br><br>v.<br><br>J. VANDERPOEL, *et al.*,<br><br>    Defendants. | 1:16-cv-00673-DAD-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES BE GRANTED IN PART AND DENIED IN PART<br><br>(ECF No. 27) |

**I.    BACKGROUND**

David Estrada ("Plaintiff") is a state prisoner proceeding *pro* se and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. The case now proceeds on the Complaint filed by Plaintiff on May 12, 2016, against defendants A. Maxfield, M. Sexton, and J. Vanderpoel ("Defendants") for violation of Fifth, Eighth, and Fourteenth Amendments. (ECF No. 15.) Plaintiff alleges that he has been improperly confined to the Segregated Housing Unit ("SHU") and subject to an "R" classification without cause or due process for the last ten years. (ECF No. 13.)

Defendants filed an answer to the complaint on March 21, 2017, listing several affirmative defenses. (ECF No. 21.) On April 26, 2017, Plaintiff filed a motion to strike the defendants' affirmative defenses. (ECF No. 27.) On April 28, 2017, Defendants filed an

opposition to the motion. (ECF No. 28.) This motion and opposition are now before the Court.

**II.    MOTION TO STRIKE**

Rule 12(f) of the Federal Rules of Civil Procedure allows a district court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . ." *Everett H. v. Dry Creek Joint Elementary Sch. Dist.*, 5 F. Supp. 3d 1167, 1177 (E.D. Cal. 2014) (citing *Sidney–Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir.1983)).

Defendants are required to "affirmatively state any avoidance or affirmative defenses." Fed. R. Civ. P. 8(c)(1). The Ninth Circuit has indicated that "'the fair notice' required by the pleading standards only requires describing the defense in 'general terms.'" *Kohler v. Flava Enterprises, Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015) (citing 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 1274 (3d ed. 1998)). Since *Kohler*, this District has routinely applied the fair notice standard to a motion to strike affirmative defenses. *Gomez v. J. Jacobo Farm Labor Contractor, Inc.*, 188 F. Supp. 3d 986, 991–92 (E.D. Cal. 2016) (citing *United States v. Gibson Wine Co.*, 2016 WL 1626988, *4–6 (E.D. Cal. Apr. 25, 2016)).

The fair notice standard "is less demanding than the *Twombly/Iqbal* standard, but still requires a party to plead some factual basis for its allegations." *Sherwin-Williams Co. v. Courtesy Oldsmobile- Cadillac, Inc.*, No. 1:15-CV-01137 MJS HC, 2016 WL 615335, at *2 (E.D. Cal. Feb. 16, 2016). "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1023 (9th Cir. 2010) (citing *Wyshak v. City National Bank*, 607 F.2d 824, 827 (9th Cir. 1979)). "Although 'fair notice' is a low bar that does not require great detail, it does require a defendant to provide 'some factual basis' for its affirmative defenses. [Citations] Simply referring to a doctrine or statute is insufficient to afford fair notice." *Gomez*, 188 F. Supp. 3d at 992 (quoting *Gibson Wine Co.*, 2016 WL 1626988, *4–6).

\\\

### III. DISCUSSION

Defendants' answer lists five affirmative defenses. (ECF No. 21.) Plaintiff has moved to strike all five. (ECF No. 27.) Defendants oppose the motion to strike as to four of the affirmative defenses but do not object to striking the fifth affirmative defense. (ECF No. 28, p. 7, "As their fifth affirmative defense, Defendants reserved their right to assert additional affirmative defenses to the extent such defenses were applicable… As Plaintiff implies, the mere reservation of rights is not an affirmative defense. [citations]."). Thus, the Court will recommend that the motion to strike be granted as to the fifth affirmative defense and will discuss defenses one through four immediately below.

#### A. First Affirmative Defense: Exhaustion of Administrative Remedies

Defendant's first defense states, "[t]o the extent Plaintiff has failed to exhaust available administrative remedies, his claims are barred by 42 U.S.C. § 1997e(a)." (ECF No. 21, p. 6.) Plaintiff's motion to strike appears to argue that he did exhaust administrative remedies by filing numerous "602" appeals. (ECF No. 27.)

A failure to exhaust is a valid affirmative defense. *Jones v. Bock*, 549 U.S. 199, 212 (2007) ("[T]he usual practice under the Federal Rules is to regard exhaustion as an affirmative defense."). For such a defense, the defendant needs to show "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014).

Plaintiff has fair notice of the exhaustion defense because it applies to every civil rights case filed by a prisoner. *See* 42 U.S.C. § 1997e(a).

Plaintiff will have an opportunity to contest this defense if and when Defendants assert the defense through a motion to dismiss or motion for summary judgment, and if needed, at an evidentiary hearing. The fact that Plaintiff challenges the defense is not a basis to strike the defense at the pleading stage.

As such, the Court recommends Plaintiff's motion to strike the first affirmative defense be denied.

\\\

### B. Second Affirmative Defense: Qualified Immunity

For the second affirmative defense, Defendants claim that they are entitled to qualified immunity. The U.S. Supreme Court has held that government officials performing discretionary functions should be shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 815, 102 S. Ct. 2727, 2737, 73 L. Ed. 2d 396 (1982).

Defendants state that they "acted as reasonable Institutional Classification Committee members and prison administrators at all times during the time alleged in Plaintiff's complaint. Defendants are entitled to qualified immunity because it was not clearly established at the time that acting according to policy and regulations would have violated an inmate's constitutional rights." (ECF No. 21, p. 6.)

Plaintiff argues that the defense should be stricken because it would have been clearly established at the time of Defendants' alleged constitutional violations that falsely being placed in the SHU was illegal. (ECF No. 27, p. 4.) Thus, Plaintiff appears to be arguing the merits of whether Defendants' are entitled to qualified immunity rather than providing a basis to strike the defense from the answer.

The Court finds that Plaintiff is on fair notice of this defense. The motion to strike should be denied as to the second affirmative defense.

### C. Third Affirmative Defense: Statute of Limitations

Defendants' third affirmative defense states, "Plaintiff's claims arose in 2005 when he was first classified as a sex offender and dropout of the Mexican Mafia Security Threat Group, but this lawsuit was not brought until May 12, 2016. Accordingly, his claims are barred by the applicable statute of limitations." (ECF No. 21, p. 6.)

Plaintiff requests that the Court strike the defense but does not provide a clear reason why the defense should be stricken. He offers only that he filed an inmate appeal in 2015 and consistently raises issues with his custody designation whenever he meets with the committee in charge of such designations. (ECF No. 27, pp. 4-5.)

The Court finds that Defendants have provided sufficient detail in their answer to put Plaintiff on fair notice of this defense. Again, Plaintiff's motion appears to argue the merits of this defense, which is not a basis to strike the defense on the pleadings.

Thus, it is recommended that the motion to strike be denied as to the third affirmative defense.

### D. Fourth Affirmative Defense: Mental or Emotional Injury

The fourth affirmative defense states that "[t]o the extent that Plaintiff's damages claims are based on mental or emotional injury, they must be dismissed where there is no showing of physical injury. *See* 42 U.S.C. § 1997e(e)." (ECF No. 21, p. 6.) The Prison Litigation Reform Act provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." 42 U.S.C. § 1997e(e). This section has been interpreted by the Ninth Circuit to apply to claims alleging a mental or emotional injury *only* (without any allegations of more than a *de minimums* prior physical injury). *Oliver v. Keller*, 289 F.3d 623, 630 (9th Cir. 2002) (holding that the district court did not err in dismissing claims for emotion injury).

Plaintiff's motion to strike argues that the defense should be stricken because he actually suffered severe mental health problems as a result of the allegations in this case that he was confined in the SHU for ten years. (ECF No. 27, p. 5.) This is not a proper basis to strike the Defendants' defense at this stage of the proceedings. *See Smith v. Cobb*, No. 15-CV-176-GPC(WVG), 2017 WL 2350443, at *6 (S.D. Cal. May 30, 2017) (denying motion to strike defense based on 42 U.S.C. § 1997e(e) and providing that "[t]he existence of evidence that supports claims or injuries is a matter of factual proof for future determination as this case progresses—not an issue that bears on the sufficiency of an answer at this stage of the litigation.").

Plaintiff has fair notice of this defense. Therefore, Plaintiff's motion to strike should be denied as to the fourth defense.

## IV. RECOMMENDATION

Therefore, based on the foregoing, the Court HEREBY RECOMMENDS that Plaintiff's motion to strike (ECF No. 27) be GRANTED, in part and DENIED, in part, as follows:

1. Plaintiff's motion to strike should be GRANTED as to fifth affirmative defense. Accordingly, this defense should be STRIKEN from Defendants' answer, and leave to amend should be denied as amendment would be futile.
2. Plaintiff's motion to strike should be DENIED as to the first, second, third, and fourth affirmative defenses.

These findings and recommendations are submitted to the United District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **twenty (20) days** after being served with these findings and recommendations, any party may file written objections with the Court. Any such objections should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F. 3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F. 2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **June 29, 2017**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE