UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ESTRADA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J. VANDERPOEL, et al.,,<br><br>　　　　　Defendants. | No. 1:16-cv-00673-DAD-EPG<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES BE GRANTED IN PART AND DENIED IN PART<br><br>(Doc. No. 30.) |

　　　　David Estrada ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On June 29, 2017, the assigned magistrate judge filed findings and recommendations, recommending that plaintiff's motion to strike defendant's affirmative defenses be granted in part and denied in part. (Doc. No. 30.) The findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within twenty days of service. (*Id.*) Neither party has filed objections to the findings and recommendations.

　　　　In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court finds the findings

and recommendations to be supported by the record and by proper analysis.

Defendants' answer listed five affirmative defenses, all of which plaintiff moved to strike. (Doc. No. 21, 27.) Defendants did not object to striking the fifth affirmative defense, which "reserved their right to assert additional affirmative defenses to the extent such defenses were applicable." (Doc. No. 28 at 7.) With respect to the remaining affirmative defenses, plaintiff has made no showing that the defenses failed to provide "'the fair notice' required by the pleading standards …." *Kohler v. Flava Enterprises, Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015) (citing 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 1274 (3d ed. 1998)). Instead, plaintiff's motion to strike those affirmative defenses is based solely on arguments as to their substance rather than challenges to the sufficiency of the pleading. As the magistrate judge correctly noted, plaintiff will have the opportunity to contest the validity of these affirmative defenses in later stages of this litigation.

Accordingly,

1. The June 29, 2017 findings and recommendations (Doc. No. 30) are adopted in full;
2. Plaintiff's motion to strike is granted as to defendants' fifth affirmative defense and denied as to affirmative defenses one through four set forth in the answer.

IT IS SO ORDERED.

Dated: **October 19, 2017**

_____
UNITED STATES DISTRICT JUDGE